[No. 3762.  Decided April 13, 1901.]

SPOKANE AND VANCOUVER GOLD AND COPPER COMPANY, *Respondent,* v. J. A. COLFELT *et al., Appellants.*

EVIDENCE — HEARSAY — ADMISSIBILITY AS RES GESTAE.

In an action to recover a mining claim, in which the issue was as to whether plaintiff and its assignors had performed the necessary amount of development work for the year 1898, the testimony of a witness that one of the original owners had pointed out to him the work done on the claim in 1898 is hearsay evidence, and is not admissible, even on the ground of being part of the *res gestae* surrounding the negotiations for the purchase of the claim, since the matter in contention was whether the requisite amount of work had been done, and the negotiations for the purchase of the claim were not in dispute.

SAME.

The admission of testimony by the witness who had given hearsay testimony as to the development work of 1898 having been pointed out to him by the person who claimed to have done the work, that he had made efforts to procure the attendance of such person at the trial, but was unable to secure him as a witness, was erroneous, since the incompetency of hearsay evidence cannot be cured by showing that a witness who will testify to the fact cannot be found.

SAME — PRESUMPTIONS IN AID OF JUDGMENT.

It will be presumed in aid of a judgment, where the instructions are not before the appellate court for review, that errors of the trial court in the admission of testimony were corrected by withdrawing the objectionable testimony from the jury, since the presumption naturally attaches, where the record shows that the trial court acted affirmatively in the commission of error, that it maintained the same view of the law to the end of the case.

Appeal from Superior Court, Clarke County.—Hon. ABRAHAM L. MILLER, Judge. Reversed.

*C. D. Bowles* and *Pipes & Tifft,* for appellants.

*Robertson, Miller & Rosenhaupt,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—Respondent's motion to strike the record has been heretofore disposed of.

This is an action brought by the respondent to recover of the appellants a mining claim. The appellants made location on the claim upon the theory that the respondent had not performed $100 worth of labor and development work for the year 1898, which was necessary to secure to it the possession of the claim; and whether or not the respondent performed that amount of labor on the claim in the year 1898 is the issue in this case, it being conceded that, if it did, its title to the claim is good, and, if it did not, the title of the appellants to the claim is good. The respondent claims to be the owner by virtue of an as-

signment made by one W. E. Satterfield and one C. H. Munkton, the original owners, to A. H. Kenyon, and conveyance made by said Kenyon to respondent on the 26th day of January, 1899, the allegation of the complaint being that on the 13th day of February, while the respondent was in possession, the appellants wrongfully and unlawfully took possession, and have withheld same ever since. During the trial, witness Kearney, over the objection of the appellants, testified that Satterfield pointed out to him on the claim the work that he had done in 1898. This was evidently hearsay testimony, for, while Kearney testified that he could distinguish the work of 1898 from that of 1897, and it was competent for such testimony to be introduced, and while the jury may have believed the testimony of Kearney in that respect, the evidence in relation to what Satterfield said to him was evidently for the purpose of strengthening the testimony of Kearney in that respect in the minds of the jury. They might have doubted whether Kearney would have been able to have told the old work from the new by the appearance of the rock, but when it was asserted that Satterfield had pointed out to Kearney the work which was done in 1897, and that which was done in 1898, the jury would naturally regard such assertion as strengthening and corroborating the testimony of Kearney. It was, therefore, prejudicial to the appellants' interest. It is contended by the respondent that the testimony was properly admissible; that it was part of the *res gestae* surrounding the negotiations for the purchase of the claim; that it was not admitted for the purpose of proving that Satterfield had done the work, but for the purpose of showing that, in becoming familiar with this property, certain of the work was pointed out. This testimony, however, was not of the *res gestae*. The negotiations for the purchase of the claim were not in

dispute, but the matter in contention was whether the requisite amount of work had been done. Hearsay evidence, to be admissible as part of the *res gestae*, must relate to the transaction in dispute, and must be so closely related to it as to serve to explain the transaction itself. Following this testimony, the court, over the objection of appellants to the question, "Have you made efforts to get Mr. Satterfield here?" allowed the witness to testify that he had looked for him, and made inquiries for him, and had been unable to find him, to have him there as a witness. The admission of this testimony was plainly erroneous. As is well said by the counsel for appellants: "The ruling of the court is in effect a holding that hearsay evidence becomes competent when the witness cannot be found. If the former evidence was competent, it could not matter whether the witness could be found or not. If it was incompetent, its incompetency could not be cured by a showing that he could not be found."

Objection was also made to the testimony of witnesses Kearney, Winan, Zigler, and Bruner, that they had worked on the mine on the 28th, 29th, and 30th of January, and the 1st of February, after the time for working had expired. This testimony could in no way aid the contention of the respondent that it had done the requisite amount of work on the claim, but we think the exception to it was not sufficiently definite.

It is insisted by the appellants that, even conceding the admission of the testimony to be erroneous, inasmuch as the case was tried by a competent court and jury, and inasmuch as the instructions are not before this court for review, this court will presume, in aid of the presumption that the judgment of the lower court is right, that the court had delivered such instructions as fully covered the law of the case, and the presumption will obtain that in-

structions withdrawing the objectionable testimony from the jury have been given; but it occurs to us that this is carrying the presumption in aid of the judgment too far. It would be more consistent with reason to conclude that the court instructed the jury in harmony with its rulings in relation to the admission of testimony. Where the record does not speak, the presumption will be that all was done that should have been done to sustain the judgment of the court; but, where it appears from the record that the court affirmatively acted in a manner which this court finds to be erroneous, the presumption must attach that the court maintained the same view of the law to the end of the case.

The judgment will be reversed, and a new trial granted.

REAVIS, C. J., and FULLERTON, ANDERS and MOUNT, JJ., concur.