[No. 4301.   Decided January 6, 1903.]

SPOKANE & VANCOUVER GOLD & COPPER COMPANY, *Appellant*, v. J. A. COLFELT *et al.*, *Respondents*.

TRIAL — NOTICE OF ISSUE — NECESSITY ON RETRIAL AFTER APPEAL.

Under Bal. Code, § 4970, which provides that "when a cause has once been placed upon either docket of the court, if not tried or argued at the time for which notice was given, it need not be noticed for a subsequent session or day," it is unnecessary to give notice of the trial of a cause which had been reversed on appeal and remanded to the lower court for a new trial.

SAME — DISMISSAL FOR FAILURE TO PROSECUTE — EXCUSE — ABSENCE OF COUNSEL.

Excusable neglect justifying the vacation of an order of dismissal for want of prosecution of an action is not established by a showing that counsel were engaged in other courts at the time the case was called for trial.

SAME — ABSENCE OF WITNESS.

The absence of a material witness will not excuse the failure of a party to appear on the day set for trial, when there is no showing of diligence to procure the attendance of such witness, nor any allegation of the facts expected to be proved by him.

Appeal from Superior Court, Skamania County.—Hon. ABRAHAM L. MILLER, Judge.    Affirmed.

*Robertson & Miller,* for appellant.

*C. D. Bowles* and *Pipes & Tifft,* for respondents.

The opinion of the court was delivered by

MOUNT, J.—This case, upon a former appeal, was reversed and remanded to the lower court for a new trial (24 Wash. 568, 64 Pac. 847).   Thereafter, on October 1, 1901, at a jury term of the lower court, the cause was called for trial, and, the plaintiff (appellant here) not being present, the cause was, on motion of the respondents,

dismissed.    Appellant thereafter filed a motion to vacate the order of dismissal on the grounds (1) that no note of issue had been filed; and (2) excusable neglect.    The motion was denied, and this appeal is prosecuted for review of these two questions.

The cause had once been regularly upon the trial calendar and tried, appealed to this court, reversed, and remanded for a new trial.    Section 4970, Bal. Code, does not require more than one notice of issue, but provides:

"When a cause has once been placed upon either docket of the court, if not tried or argued at the time for which notice was given, it need not be noticed for a subsequent session or day, but shall remain upon the docket from session to session or from law day to law day until final disposition or stricken off by the court."

When the cause was reversed and remanded for new trial, it stood upon the trial calendar of the lower court in the same position it would have been in if a new trial had been granted by the lower court.    No new note of issue was required.    The former notice was sufficient until final disposition of the cause.

It is next alleged that appellant showed excusable neglect, (1) because its counsel were engaged in other business at that time in other courts; and (2) that one of its material witnesses could not be procured.    Neither of these reasons is sufficient.    Counsel must accommodate their business to the business of the courts, and not the courts to the business of counsel.    Counsel for appellant had notice some five days prior to the beginning of the session that the court intended to hold a jury session of the court, and that the case would be called for trial, and was the only case upon the trial calendar.    No showing is made of diligence to procure the witness claimed to be absent, nor was there any statement of the facts he was expected to swear to,

both of which were necessary to secure a continuance of the case.

We think the court did not abuse its discretion in the cause, and the judgment is therefore affirmed.

REAVIS, C. J., and DUNBAR, ANDERS and FULLERTON, JJ., concur.